UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1-05-CR-16-TS |
| | ) | |
| PERCY A. FITTS, JR. | ) | |

**OPINION and ORDER**

Before the Court is the Defendant's Motion for Re-Sentencing Hearing [DE 51], filed on April 10, 2008. The Defendant, Percy A. Fitts, Jr., asks that the Court hold an evidentiary hearing with the Defendant present in order to consider all the factors of 18 U.S.C. § 3553(a) for the Defendant's resentencing request.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 23, 2005, the Defendant was indicted on two criminal counts, and the government also made a forfeiture allegation. On September 21, 2005, the Defendant and the government reached an agreement that called for the Defendant to plead guilty to Count One, possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). On October 3, 2005, the Court accepted the Defendant's plea of guilty. On March 6, 2006, the Court dismissed Count Two at the government's request and sentenced the Defendant to 120 months imprisonment.

On March 17, 2008, the Defendant filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine [DE 49], requesting a reduction in his sentence to a term of 100 months. On March 27, 2008, the government responded [DE 50] and agreed that the Defendant is entitled to a reduced term of imprisonment in that amount. The Court has granted

this motion for a reduced sentence in a separate order [DE 53].

On April 10, 2008, the Defendant filed the present motion. On April 24, 2008, the government responded [DE 52] in opposition.

## DISCUSSION

A court has limited authority to change a defendant's sentence once it is imposed. The type of sentence modification at issue here is authorized by retroactive Sentencing Guidelines amendments and 18 U.S.C. § 3582(c)(2), which provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Sentencing Guidelines Section 1B1.10 states in relevant part that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." § 1B1.10(a)(3). The amended guidelines also state:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*.

§ 1B1.10(b)(1) (emphasis added).

The commentary[1] to this section states: "Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." § 1B1.10. cmt. 1(B)(i). The background to this amended part of the guidelines states that the crack cocaine reduction amendment was made retroactive because the Sentencing Commission determined "that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants." § 1B1.10 cmt. background (2008). "The authorization of such a discretionary reduction . . . does not authorize a reduction in any other component of the sentence." *Id.*

"[A] proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) (affirming district court's decision not to provide counsel, a hearing, and a right of allocution to a defendant for a § 3582(c)(2) resentencing). "How a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion." *Id.*; *accord United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005); *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000); *United States v. Jackson*, No. 5:05CR00016-002, 2008 WL 1901705 (W.D. Va. Apr. 29, 2008) (denying request for a hearing for a crack reduction); *United States v. Wright*, No. 07-60078-CR, 2008 WL

---

[1] "The 'commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" *United States v. Alcala*, 352 F.3d 1153, 1156 (7th Cir. 2003) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

906772 (S.D. Fla. Apr. 3, 2008) (stating that the court did not need to conduct a new sentencing hearing for a crack reduction). Federal Rule of Criminal Procedure 43 also makes clear that "[a] defendant need not be present [when] . . . [t]he proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(b)(4).

The Defendant argues that *United States v. Booker*, 543 U.S. 220 (2005), which made the sentencing guidelines advisory instead of mandatory, along with *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Gall v. United States*, 128 S. Ct. 586 (2007), render 18 U.S.C. § 3582(c)(2), guidelines commentary, and guidelines policy statements advisory as well. The Defendant argues that, because of those cases, "the court should not limit its review to a review of the changes to the sentencing guidelines as applies to crack-cocaine. Rather, in sentencing Fitts the court is required to look at all factors listed in 18 U.S.C. § 3553." (Def. Mot. for Hr'g 3, DE 51.) This is not an argument explaining why the Court should exercise its discretion and hold a hearing. This is an argument that the Court must hold a hearing to receive unidentified evidence concerning the factors under 18 U.S.C. § 3553(a) in light of recent Supreme Court precedent.

*Kimbrough* simply held "that, under *Booker*, the cocaine Guidelines, like all other Guidelines, are advisory only." *Kimbrough*, 128 S. Ct. at 564. "A district judge must include the Guidelines range in the array of factors warranting consideration. The judge may determine, however, that, in the particular case, a within-Guideline sentence is 'greater than necessary' to serve the objective of sentencing." *Id.* (quoting 18 U.S.C. § 3553(a)).

*Gall*'s focus was on the appellate courts' standard of review for sentences, but it also addressed how district courts should handle variances from the advisory guidelines. "It is also

4

clear that a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Gall*, 128 S. Ct. at 594. The Court also said district courts must "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* at 596 (citing *Rita v. United States*, 127 S.Ct. 2456 (2007)).

*Kimbrough* and *Gall*, along with *Rita* and *Booker*, all addressed the sentencing guidelines, not the modification of a term of imprisonment under § 3582(c)(2). The Seventh Circuit's ruling in *Tidwell* regarding the wide latitude district courts have in handling motions under § 3582(c)(2), and the lack of rights afforded a defendant upon resentencing, still applies. The four Supreme Court cases did not strengthen the effect of the reference to § 3553(a) within § 3582(c)(2) such that prior interpretations of § 3582(c)(2) are no longer valid. Nothing in those cases requires a court to reconsider all of the § 3553(a) factors when the court, pursuant to § 3582(c)(2), is reducing a sentence of a defendant whose sentencing range has been lowered by the Sentencing Commission.[2]

The factors in § 3553(a) only come into play in the reduction of the sentence under § 3582(c)(2) because § 3582(c)(2) itself says so. That has always been the case, and there is no indication from the four Supreme Court rulings that it is now any different. Section 3582(c)(2) says a "court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(2) (emphasis added). The word

---

[2] *But see United States v. Hicks*, 472 F.3d 1167, 1170 (9th Cir. 2007) (stating that, after *Booker*, "district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2).")

"may" makes clear that the decision to reduce the sentence in the first place is discretionary. *United States v. Marshall*, 83 F.3d 866, 869 n.3 (7th Cir. 1996) (both U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2) "explicitly state that a decision whether to reduce a sentence pursuant to a retroactive amendment is discretionary"). For example, a court could, after recalculating the amended crack guidelines for a defendant, exercise its discretion under § 3582(c)(2) and sentence him to the same term of imprisonment as before, essentially negating the two-point offense level reduction.[3]

Furthermore, the commentary to the crack amendments states that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) *whether* a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 cmt. 1(B)(i) (emphasis added). Courts principally do this by considering "the kinds of sentence and the sentencing range established for—(A) the applicable category of offense committed by the applicable category of defendant as set for in the guidelines—(i) issued by the Sentencing Commission." § 3553(a)(4)(A)(i). A district court, by calculating the applicable guideline range in a sentencing or a reduced guideline range in a sentence reduction under § 3582(c)(2), is by definition considering and weighing one of the § 3553(a) factors.

All together—considering § 3582(c)(2) itself, the amended guidelines, the guidelines commentary and background, and authoritative caselaw—courts considering § 3582(c)(2) motions are deciding whether to lower the sentence in accordance with the amended guideline,

---

[3] A district court could likewise negate the crack cocaine sentencing guidelines reduction when imposing the original sentence. If *Kimbrough* lets a court use 18 U.S.C. § 3553(a) in a particular case to determine that a within-Guidelines sentence for crack cocaine is greater than necessary to serve the objectives of sentencing, then *Kimbrough* also lets a court use § 3553(a) to determine that a crack cocaine sentence within the new, reduced advisory guidelines is less than necessary to serve the objectives of sentencing.

not necessarily by how much. In other words, a court implicitly takes § 3553(a) factors into account when it imposes a sentence that corresponds to the lowered guideline range because it is using its discretion to agree with the sentencing commission's amendment, the effect of which after all is advisory. The Court is, in essence, deciding that the amendment fulfills the purposes of punishment set for in § 3553.

The Seventh Circuit has commented on the possible scenarios for a § 3582(c)(2) motion seeking a reduced sentence under the amended crack cocaine guidelines:

> If [the district court judge] decides to impose the same sentence under the new guideline, or if though she lowers the sentence the defendant believes that 18 U.S.C. § 3553(a) would warrant a still-lower sentence, . . . she will then have to advise us whether she would be inclined to reduce his sentence under the dispensation granted sentencing judges by *Kimbrough*.

*United States v. Taylor*, --- F.3d ----, 2008 WL 782739, *3 (7th Cir. 2008). This merely elaborates on the wide discretion that district courts have in imposing sentences in the first place. Of course *Taylor* is also distinguishable from the present case because *Taylor* involved a direct appeal of a sentence, not a motion for reduction of sentence under § 3582(c)(2). Finally, the Court does not read the phrase "if . . . the defendant believes that 18 U.S.C. § 3553(a) would warrant a still-lower sentence" to mean that a district court must reconsider and reapply all the 3553(a) factors when conducting a sentencing modification under § 3582(c)(2). That issue was not specifically presented on appeal, so it was not decided by the Seventh Circuit in that case.

District courts within the Seventh Circuit have used several approaches. *See United States v. Biami*, — F. Supp. 2d —, 2008 WL 1869108, *4 n.4 (E.D. Wis. Apr. 22, 2008) (using a two-step process where the court first determines if the Commission lowered the defendant's range and made the change retroactive, and then second considers the factors in 18 U.S.C. §

7

3553(a) "to determine whether to exercise its discretion to grant a reduction, and if it does, the extent of the reduction") *and United States v. Smith*, No. 01-CR-123, 2008 WL 2148075, at *4–5 (E.D. Wis. May 21, 2008) (applying § 3553(a) factors in deciding to not lower the defendant's sentence below the amended guideline range because "[j]ust as § 3582(c)(2) affords the district court discretion in deciding whether to reduce a sentence, it likewise affords the court discretion to determine the extent of the reduction"); *United States v. Johnson*, No. 04-CR-40013, 2008 WL 1774995 (S.D. Ill. Apr. 17, 2008) (noting that the defendant had appealed his reduced crack sentence on the grounds that the court "improperly failed to consider the other factors, apart from the Guideline calculation, required by 18 U.S.C. § 3553(a)," and that the issue on appeal is whether the court "should have reduced his sentence in light of all relevant 18 U.S.C. § 3553(a) factors"); *United States v. Brown*, No. 1:04-CR-33, DE 96 (N.D. Ind. Apr. 7, 2008) (Lee, J.) (stating that "[t]he court has considered the factors contained in 18 U.S.C. §3553(a) as it relates to this case, and determines than an amended sentence of 57 months is appropriate"); *United States v. Bradley*, No. 1:03-CR-65-1, WL 2097570, *2 (S.D. Ind. Apr. 4, 2008) (analyzing the defendant's pre- and post-conviction characteristics in light of the purposes of sentencing, § 3553(a)(2), for its determination that a reduced sentence is appropriate); *United States v. Yarber*, 00-CR-20031, 2008 WL 695362 (C.D. Ill. Mar. 12, 2008) (stating that, as an "alternative determination, this court has carefully considered the record in this case and the factors set forth in § 3553(a)" and concluded that the defendant "does not warrant a sentence reduction under the circumstances of this case"); *United States v. Jones*, No. 2:01-CR-33, DE 167 (N.D. Ind. Feb. 29, 2008) (Lozano, J.) (order does not cite § 3553(a) or mention any of the factors); *United States v. Gaines*, 838 F. Supp. 377 (N.D. Ill. 1993) (applying § 3553(a)

factors to a retroactive guidelines change for LSD sentences). Other circuits have expressed views on the matter.[4]

Unless and until the Seventh Circuit rules on the issue,[5] the plain language of § 3582(c)(2) and previous circuit rulings concerning the provision govern this request for an evidentiary hearing in relation to a motion for a reduced sentence under the amended crack cocaine guidelines. In summary, the Defendant in this case has already been afforded the Court's careful consideration of the all § 3553(a) factors when he was originally sentenced.[6] Even though

---

[4] The Second Circuit has ruled that:

> In deciding whether to modify the sentence, district courts must consider the factors set forth in 18 U.S.C. § 3553(a) anew and in light of *Gall* and *Kimbrough*, and applicable Sentencing Commission policy statements. *See* 18 U.S.C. § 3582(c)(2). Of course, district courts may decide to *increase* a defendant's sentence after considering the § 3553(a) factors.

*United States v. Regalado*, 518 F.3d 143, 151 (2d Cir. 2008) (this opinion was amended May 9, 2008 in No. 05-5739, but the quoted text was not modified). The Eighth Circuit has also ruled that

> the district court must first calculate the amended guideline range and determine what sentence it would have imposed had the new sentencing range been in effect at the original sentencing. It must then consider that determination together with the general sentencing considerations contained in [18 U.S.C. §] 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed.

*United States v. Whiting*, 522 F.3d 845, 852–53 (8th Cir. 2008) (internal quotations and citations omitted).

[5] If district courts must apply the § 3553(a) factors during these sentence reduction proceedings beyond exercising their discretion to grant the decrease, it is not at all clear how courts should go about this, specifically whether district courts should reapply the factors to pre-conviction conduct, leaving the possibility open that judges will rewrite defendants' sentences and change their terms of imprisonment on grounds unrelated to the crack cocaine amendments; whether courts should really apply the factors "anew," as the Second Circuit indicated, despite the admonition in this circuit and the guidelines that § 3582(c)(2) proceedings are not do-overs "of an original sentencing," *Tidwell*, 178 F.3d at 949, or full resentencings, as the Guidelines state, § 1B1.10(b)(1) ("leave all other guideline application decision unaffected"); whether courts should apply the § 3553(a) factors to only post-conviction conduct or to post-conviction conduct in light of pre-conviction conduct; and whether the consideration of § 3553(a) factors, however it is to be done (to conduct pre- or post-conviction or both), will require an adversarial proceeding where the Defendant is afforded the opportunity to appear, present evidence, cross-examine witnesses, etc., notwithstanding the circuit's ruling in *Tidwell*, 178 F.3d at 949, to the contrary.

[6] The Court made the following statement just before it imposed the sentence—including a term of imprisonment of 120 months, which was the minimum of the guidelines range—during the sentencing hearing: "Having now determined the advisory guideline range and having considered the nature and circumstances of the

that sentence took place before *Rita* and *Kimbrough*, the Court's imposition of the sentence, including its considerations of § 3553(a) factors, was consistent with those cases. Also, the Court's decision to reduce the Defendant's sentence to 100 months is an exercise of discretion that necessarily and by implication involved the consideration of § 3553(a) factors, to the extent they are applicable, specifically through § 3553(a)(4)(A)(i).

The Court elects in its discretion not to hold a hearing to hear evidence because no good cause has been shown[7] for such a hearing: The Defendant has not suggested that any factor, other than the kind of sentence and the sentencing range established by the Sentencing Commission for crack cocaine offenses, has changed since the Defendant was originally sentenced. The Court also elects in its discretion not to hold a hearing because the request is essentially moot in light of the Court's decision to grant the Defendant's motion [DE 49] for a reduced sentence. The Court also elected in its discretion not to impose a sentence that is even lower (or higher) than the minimum of the amended guidelines range. The Defendant's reduced sentence, 100 months, is the sentence the Court would have imposed had the retroactive crack cocaine amendment been in effect at the time of sentencing.

---

offense and the history and characteristics of the defendant, as well as all of the purposes of punishment—including the need to provide just punishment for the offense, to impose a sentence that reflects the seriousness of the offense and that promotes respect for the law, to adequately deter future criminal conduct, to protect the public from future crimes of the defendant, and to avoid unwarranted disparity in sentencing—the Court concludes that the advisory Guideline range is sufficient, but not greater than necessary, to comply with the purposes of punishment."

[7] The Defendant's motion contained no specific information about what facts or issues he intended to bring to the Court's attention at a hearing, and no argument about what § 3553(a) factors may have changed in his specific case. Such a blanket request deprives the government of notice for what to expect and prepare for at such a hearing.

**CONCLUSION**

For the foregoing reasons, the Defendant's motion [DE 51] is DENIED.

So ORDERED on June 5, 2008.

                                s/ Theresa L. Springmann
                                THERESA L. SPRINGMANN
                                UNITED STATES DISTRICT COURT